Donahue, J.
The indictment alleges that the defendants were directors of The Osborn Bank *250 of Osborn, Ohio, and avers that this bank was “existing under and by virtue of certain laws of the state of Ohio, authorizing free banking, passed March 21, 1851, and acts amendatory and supplemental thereto, and then and there operating and existing under and by virtue of the said laws of the state of Ohio, and with authority to carry on and transact business as a banking company and with power to receive money on deposit, and that the said Osborn Bank was then and there engaged in carrying on business as a banking company and receiving money on deposit in the village of Osborn, Greene county, Ohio.”
The demurrer to this indictment raises the sole question of the legal existence of this bank and its authority to carry on and transact business as a banking company and receive money on deposit. If the free-banking act, passed March 21, 1851, and acts amendatory and supplemental thereto were not in force in this state, on the date laid in the indictment, then the indictment charges no crime and the demurrer was properly sustained. If these laws were in force, then the exceptions of the prosecuting attorney must be sustained.
It is contended by counsel, appointed by the common pleas court to argue the exceptions in this court, that the free-banking act of 1851 limited the duration of the franchise or charters of the banking companies organized under its provisions to twenty-one years from the date of the act. Section 10 of the original act provided that every company so formed should continue a body politic and with corporate succession until the year 1872 *251 and thereafter until the repeal of that act. Section 42 of the act provided that nothing therein should be construed to authorize the continuance of banking business under that act after the year 1872. This section, however, was' specifically repealed on the 24th day of April, 1879. The only possible purpose of this repeal must have been to permit companies organized under this act to continue business under the original act. At all events that was the effect of the repeal of this section. The right of banks, organized under the free-banking act of 1851, to continue the banking business after 1872 is no longer an open question in Ohio. In the case of In re Bachtel, 11 C. C., N. S., 537, it was held that this original free-banking act was still a valid and constitutional act, undér the provisions of which the petitioner for writ of habeas corpus might be prosecuted. That judgment was affirmed by this court without opinion, and the supreme court of the United States refused to allow a petition in error to be filed.
It is further contended, however, that since the decision in the Bachtel case the free-banking act has been repealed by the Thomas banking act, passed May 1, 1908, by implication, and particularly by section 36 and section 91 of that act. Repeals by implication are not favored. It is only when a statute is in clear conflict with existing legislation upon the same subject-matter that the existing legislation will be held to be repealed by implication by the later act. Goff et al. v. Gates et al., 87 Ohio St., 142; Thorniley, Auditor, et al. v. *252 State, ex rel. Dickey, 81 Ohio St., 108; Eggleston et al. v. Harrison, Assignee, 61 Ohio St., 397, 404.
Section 36 of the Thomas banking act provides that all banks, savings banks, savings societies, societies for savings, savings and loan associations, safe deposit companies, or trust companies, savings and trust companies, and combinations of any two or more of such corporations, heretofore incorporated in this state and having paid in the amount of capital stock required by this act to enable them to commence business may, if they so elect, avail themselves of the privileges and powers conferred in that act. The method is provided for certifying such election to the secretary of state and superintendent of banks, and it is further provided that no such election shall be made except upon the vote of at least two-thirds of the capital stock at a meeting of the stockholders, thirty days’" notice of which meeting, and of the business to come before it, had been given by a majority of the directors in a newspaper published and of general circulation in the county where such corporation has its principal place of business. This section further provides that after April 1, 1910, every such corporation or association shall in all respects conform their business and transactions to the provisions of this act. This provision does not conflict with the free-banking act of 1851. It does not declare that banking companies organized under that act shall go out of existence, but rather it is provided that they shall in all respects conform their business and transactions to the provisions of this act. In other words, it clearly con *253 templates that certain of the corporations and associations named in section 36 may not elect to avail themselves of the privileges and powers conferred in the Thomas act, and it further contemplates that, notwithstanding their failure to so elect, these corporations shall still have “business and transactions,” and it provides that they shall in all respects conform this business and these transactions to the provisions of that act. It is not important whether the phrase “every such corporation or association,” in section 36 of the Thomas act, refers only to those availing themselves of the privileges and powers conferred by that act or includes all banking corporations named in the earlier part of that section, regardless of whether they avail themselves of its provisions or not, because section 91 of the same act clearly provides that every banking company, savings bank, savings and loan association, savings and trust company, safe deposit and trust company, society for savings, savings society, and every other such corporation or association except building and loan associations, having the power to receive and receiving money on deposit, then existing and chartered or incorporated, or which may after the passage of that act become incorporated, shall be subject to its provisions, and further provides that no such corporation or association having a less capital stock than the minimum amount provided in section 2 shall be required to increase its capital stock in order to conform to the provisions of that section, but that no such association or corporation shall' avail itself of any of the privileges and *254 powers conferred by that act until it has complied with the provisions of section 36, and that no corporation or association shall be required to comply with the provisions of sections 1 to 77, inclusive, of the Thomas act before April 1, 1910.
It is insisted because it may not be required to comply with the provisions of sections 1 to 77, inclusive, of the Thomas act before April 1, 1910, that necessarily it must comply with these provisions after that time or go out of business, but if this construction were the correct one, still it does not affect the question before us, because there is no provision in this section that the failure to comply ipso facto forfeits the charter of a banking company theretofore established and that thereafter it will have no power or authority to transact a banking business. The most that could be claimed for such construction is that the state of Ohio could, if it elected so to do, compel such banking company to comply with the provisions of sections 1 to 77, inclusive, of the Thomas act, or have its charter declared forfeited by a court of competent jurisdiction. There is no claim that that has been done in this case. Neither section 36 nor section 91 of the Thomas act is in conflict with the provisions of the free-banking act, and neither of these sections, nor both together, effect a repeal by implication of the free-banking act of 1851 and laws amendatory and supplemental thereto.
If there were any doubt whatever upon this proposition all doubt would be removed by the provisions of section 35 of the Thomas act. That section provides in plain and unequivocal language *255 that all banking companies theretofore incorporated under any laws of this state may continue their business and the exercise of the powers they now have without any prejudice to any of the powers acquired under the acts under which they were incorporated, and there shall be saved to such corporations or associations all the rights, privileges' and powers heretofore conferred upon them. This makes the proposition too plain to require any further discussion. The Thomas act not only does not repeal specifically or by implication the free-banking act of 1851 and laws amendatory and supplemental thereto, but it expressly provides that all banking corporations organized under the provisions of that law, or any other law of the state, shall have the right to continue business and exercise the powers they possessed at the time of the passage of the Thomas act without prejudice, and further specifically provides that there shall be saved to all such associations and corporations all the rights, privileges and powers theretofore conferred upon them.
The judgment of the common pleas court sustaining the demurrer to the indictment was erroneous, and the exceptions of the prosecuting attorney thereto must be sustained.

Exceptions sustained.

Nichols, C. J., Johnson, Wanamaker, Newman, Jones and Matthias, JJ., concur,